UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                                          CRIMINAL NO. 3:13-cr-80-DPJ-LRA

GREGORY BERNARD GRIFFIN, JR.,
ERICA GRIFFIN, and TIFFANY GRIFFIN

ORDER

This bank-fraud/identity-theft case is before the Court on Defendant Gregory Bernard Griffin, Jr.'s Appeal of Magistrate Judge's Decision [79]. The disputed decision restricts Griffin's access to discovery. The Court finds no error, and therefore affirms the magistrate judge's order.

I.      Background

Griffin and others are generally charged with creating a scheme to defraud various banks and with identity theft. Pursuant to its pretrial obligations, the Government produced nearly 400 pages of discovery, which included "names, addresses, account numbers, social security numbers, and possibly other highly sensitive data." Order [78] April, 22, 2014 . Because this information provides all necessary ingredients for identity theft, United States Magistrate Judge Linda Anderson refused Griffin's request to keep the documents with him in the Madison County, Mississippi, jail. So while the order allows Griffin's counsel unfettered access to the documents and further allows Griffin to review the documents with his counsel, it denies Griffin's request to keep a copy of the documents with him at the jail. Griffin appeals the decision.

II.      Discussion

"A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). In this case, Griffin does not take issue with Judge Anderson's description of the disputed documents as containing personal identifying information. Nor does he dispute her description of the nature of the case. He does, however, claim that Judge Anderson's order violates Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure. That rule states as follows:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control . . . .

Fed. R. Crim. P. 16(a)(1)(E).

Though neither party provided authority indicating whether this rule allows a defendant to personally maintain the records as opposed to his or her counsel, Rule 16(a)(1)(E) is not the final word. Rule 16(d)(1) states that

> [a]t any time the court *may*, *for good cause*, deny, *restrict*, or defer *discovery or inspection*, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

(emphasis added). The use of the word "may" in this rule highlights the court's discretion. *See, e.g.*, *In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 122 (2d Cir. 2008) (noting that Rule 16(d)(1) grants discretion to limit discovery). And in this case, Judge Anderson implicitly found good cause to restrict—not deny or defer—the disputed discovery, noting that the documents contained personal identifying information and that Defendant is charged with

"falsely using the identity of another real person." Order [78] at 2. She saw no valid reason to keep this sensitive information at the jail.

The magistrate judge's ruling falls squarely within the scope of the Court's wide discretion under Rule 16(d)(1). In the 1974 advisory committee notes, the committee observed that "[a]lthough the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to . . . economic harm if his identity is revealed." Fed. R. Crim. P. 16(d)(1) advisory committee's note. And while that 1974 committee obviously did not have identity theft in mind, the general intent to protect the innocent applies. Turning over the names, social-security numbers, and bank account numbers of various individuals for potentially free dissemination at the Madison County jail presents good cause to restrict the discovery.

Finally, Judge Anderson's solution balanced Griffin's right to review the documents and prepare for trial while protecting those identified in the records. Griffin's counsel possesses the documents and may review them at any time with Griffin who is incarcerated in a local facility.

III.   Conclusion

Based on the foregoing, Judge Anderson's ruling was neither clearly erroneous nor contrary to law. Judge Anderson's Order [78] is affirmed.

**SO ORDERED AND ADJUDGED** this the 2nd day of May, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE